**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13965

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

KEITH DURHANZ COBB,
a.k.a. KJ,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cr-00031-WFJ-CPT-1

_____

Before ROSENBAUM, ABUDU, and BLACK, Circuit Judges.

PER CURIAM:

Keith Cobb appeals his sentence of 55 months' imprisonment followed by 3 years' supervised release for distribution of

cocaine and fentanyl.  He contends the district court imposed a substantively unreasonable sentence because it improperly applied the 18 U.S.C. § 3553(a) factors.[1]   After review,[2] we affirm.

"A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (quotation marks omitted).  The district court must order a sentence that will "(1) reflect the seriousness of the offense, (2) promote respect for the law, (3) provide just punishment, (4) afford adequate deterrence, (5) protect the public from further crimes of the defendant, and (6) provide the defendant with any needed training and treatment in the most effective manner."  *United States v. Rosales-Bruno*, 789 F.3d 1249, 1253-54 (11th Cir. 2015) (quotation marks omitted); 18 U.S.C. § 3553(a)(2)(A)-(D).  The district court must consider various factors in imposing a sentence, including the nature of the offense, the defendant's history,

---

[1] As an initial matter, Cobb has abandoned any procedural challenge to his sentence by failing to adequately brief that issue.  *See United States v. Campbell*, 26 F.4th 860, 873-74 (11th Cir. 2022) (en banc) (stating issues not raised in an initial brief are deemed abandoned and will not be addressed absent extraordinary circumstances); *United States v. Castillo*, 899 F.3d 1208, 1215 (11th Cir. 2018) (stating an appellant may not raise an issue for the first time in a reply brief).

[2] When reviewing a sentence for substantive reasonableness, we use a deferential abuse-of-discretion standard.  *United States v. Irey*, 612 F.3d 1160, 1188-89 (11th Cir. 2010) (en banc).

the kinds of sentences available, the advisory guidelines range, policy statements, restitution, and avoiding unwarranted sentencing disparities. *Rosales-Bruno*, 789 F.3d at 1254; 18 U.S.C. § 3553(a)(1), (3)-(7). The advisory Guidelines range is one of the § 3553(a) factors, but the district court need not give any specific weight to the Guidelines range. *Rosales-Bruno*, 789 F.3d at 1254.

Cobb fails to identify any specific grounds on which his sentence is substantively unreasonable; instead, he generally asserts the "record leaves grave doubt whether the prison sentence was no greater than necessary to achieve the objectives of § 3553." His argument the district court failed to explain why the sentence is sufficient but not greater than necessary to comply with the statutory purposes of sentencing is meritless as the district court expressly discussed three § 3553(a) factors in imposing the sentence. The district court did not abuse its discretion in weighing the § 3553(a) factors of promoting respect for the law, affording adequate deterrence to criminal conduct, and protecting the public from further crimes of the defendant. *See Irey*, 612 F.3d at 1190 (explaining under the abuse-of-discretion standard, we will only vacate the defendant's sentence if we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case"(quotation marks omitted)).

The 55-month sentence imposed by the district court was an upward variance of 34 months above the high end of the advisory

Guidelines range, but this Court does not presume that a sentence above the Guidelines range is unreasonable. *See Gall v. United States*, 552 U.S. 38, 49-50 (2007) (explaining when a sentence imposed by the district court falls outside the advisory Guidelines range, it will not be presumed unreasonable). In varying upward, it was not unreasonable for the district court to place substantial weight on Cobb's extensive criminal history, which included repeated drug dealing and failure to improve, and find there is a need to deter him and protect the public from his criminal conduct. *See Rosales-Bruno*, 789 F.3d at 1263 (explaining "[p]lacing substantial weight on a defendant's criminal record is entirely consistent with § 3553(a) because five of the factors it requires a court to consider are related to criminal history," and stating "[u]nder substantive reasonableness review, we have repeatedly affirmed sentences that included major upward variances from the guidelines for defendants with significant criminal histories that the sentencing courts weighed heavily"). The Guidelines range was only one factor for the district court to consider. *See Rosales-Bruno*, 789 F.3d at 1254.

Finally, the 55-month sentence is well below the statutory maximum of 20 years, which is another indicator the sentence is substantively reasonable. *See United States v. Croteau*, 819 F.3d 1293, 1310 (11th Cir. 2016) ("A sentence imposed well below the statutory maximum penalty is [an] indicator of reasonableness."). Cobb did not meet the burden of showing his sentence is substantively unreasonable. *See United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010) (stating the party challenging the sentence bears the

23-13965                Opinion of the Court                5

burden to show that it is unreasonable based on the § 3553(a) factors and the facts of the case).  Accordingly, we affirm Cobb's sentence.

**AFFIRMED.**